Hunter *vs.* Blackman.

## No. 7481.

## No. 7387.

### R. A. HUNTER vs. W. F. BLACKMAN.

A judge cannot make any order in a case to which he is a principal and necessary party, except one of recusation of himself and reference to such other judge as the law has indicated to try the case.

APPEAL from the District Court for Rapides. BLACKMAN, J.

State ex rel. Goldsmith *vs.* Judge.

*Hunter in pp.* Appellant.

The allegation of the suit was that the defendant, while occupying the bench as judge, had illegally and maliciously ordered the plaintiff to jail for twenty-four hours for an alleged contempt of court, the contempt having been committed whilst the plaintiff was arguing a case before a jury. Damages to the amount of $5,000 were prayed. On the case being reached in its order, the defendant ordered the petition to be taken from the files of the court and to be returned to the plaintiff because it contained disrespectful and unbecoming language. The plaintiff objected to this order because the judge, being himself necessarily recused, could take no action whatever in the case except to recuse himself.

SPENCER, J. We think the judge was not warranted in law in these proceedings. He was incompetent to make any order in the case except one of recusation. The judge being personally interested, the law made the parish judge, *quoad* that case, the district judge. If the petition was disrespectful to the court — containing impertinent and offensive language — the parish judge, acting as district judge, alone had power to make the proper orders in the premises. If the power exercised by the district judge in this case should be recognized, it would insure a judge immunity from legal pursuit, for it would be discretionary with him to make such order in all cases against himself. The law never contemplated that any man, however high or honorable, should be a judge in his own case.

*Order rescinded, and cause remanded with direction to reinstate the petition on the docket, and proceed therewith according to law.*